## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN HATCH,<br><br>    Petitioner<br><br>v.<br><br>UNITED STATES<br>DEPARTMENT OF LABOR | )<br>)<br>)<br>)<br>)<br>)    Civil Action No._____<br>)<br>)<br>)<br>) |

## PETITION FOR RELIEF FROM DISQUALIFICATION UNDER THE LABOR MANAGEMENT REPORTING AND DISCLOSURE ACT

### I.    Introduction

1. Petitioner, Brian Hatch ("Hatch" or "Petitioner"), petitions this Court, pursuant to the Labor Management Reporting and Disclosure Act, 29 U.S.C. §504(a) ("LMRDA"), for relief from the 13-year statutory disqualification from serving as an elected union official.  Petitioner desires to be eligible to be elected as a steward for the employees of Global Companies, LLC, ("Global Companies") located at 11 Broadway, Chelsea, MA 02150.  Petitioner would serve as the elected steward on behalf of the members of Teamsters Local Union 25 who are employed at Global Companies.

2. This disqualification applies under the LMRDA because of Petitioner's July 20, 2009 criminal convictions in the Essex County Superior Court in the Commonwealth of Massachusetts for conspiracy and trafficking of a controlled substance.

1

3.   The activity leading to conviction and ensuing disqualification occurred over 13 years ago; the conviction itself occurred over 10 years ago; and Petitioner's imprisonment ended over 7 years ago. Under the LMRDA, without the relief sought herein, Petitioner is currently and would be barred from serving as an elected union steward until April 2026.  The unlawful conduct that led to the conviction did not in any way concern union activities.

4.   As set out below, Petitioner seeks relief from his disqualification on the basis that he has been "rehabilitated" in accordance with LMRDA, and, accordingly, his election as a union steward and serving in that limited capacity would not contravene the purposes of the LMRDA.  For these reasons, the relief Petitioner seeks from this Court is warranted and just.

## II.   The Parties

5.   Petitioner, Brian Hatch, is a citizen of the United States and a resident of Melrose, Massachusetts.

6.   Respondents, as described in the LMRDA, include the United States Department of Labor and the District Attorney of Essex County.  Petitioner was convicted in the Essex County Superior Court.

## III.   Jurisdiction and Venue

7.   The LMRDA confers jurisdiction over this action in the United States District Court for the District of Massachusetts where the underlying unlawful conduct occurred. *29 U.S.C. 504.*

8.   The unlawful conduct leading to Petitioner's conviction occurred in Essex County, Massachusetts and, therefore, venue in this District is appropriate.

2

## IV.   **Statement of Facts**

9.  Petitioner became a member of the Teamsters Local 25 in 2008 and has remained in good

    standing until the present.  At all times relevant to his affiliation with the Teamsters, Petitioner

    has been a member in good standing.

10. Petitioner began his present employment with Global Companies in June 2014.

11. Consistent with his membership in Teamsters Local 25, Petitioner would like to serve as an

    elected union steward at Global Companies.  This is an elected position, elected by the

    employees represented by Teamsters Local 25 who are employed at Global Companies. If

    elected, Petitioner would be responsible for reporting any infractions of the collective

    bargaining agreement between Global Companies and Teamsters Local 25 to a union Business

    Agent.   In addition, he would generally assist his co-workers during the course of their

    employment.  Specifically, as a union steward, per the collective bargaining agreement between

    Teamsters Local 25 and Global Companies, the Petitioner's responsibilities would be limited

    to:

    > (1) The investigation and presentation of grievances to [the] Employer or designated
    > Company representative
    > (2) The collection of dues when authorized by appropriate Local Union action.
    > (3) The transmission of such messages and information which shall originate with, and are
    > authorized by the Local Union, or its officers, provided such messages and information:
    >> (a) Have been reduced to writing.
    >> (b) If not reduced to writing, are of a routine nature and do not involve work
    >> stoppage, slowdowns, refusal to handle goods, or any other interference with the
    >> Employer's business; provided however, that the activities referred to in (1), (2)
    >> and (3) shall not be performed in such fashions as to unreasonable conflict with the
    >> Steward's work duties.
    >> *Exhibit 5.*

12. On January 29, 2014, the District Director of the United States Department of Labor sent a letter to Teamsters Local 25 and the International of Brotherhood of Teamsters letters informing them of Petitioner's disqualification from serving as an union officer under the LMRDA.

13. The LMRDA prohibits anyone convicted of an enumerated felony from serving as a union officer or union employee for a period of 13 years following conviction or sentence. The Department of Labor disqualified the Petitioner from holding union office based on his conviction under M.G.L. c.94C, §32E(b) in the Essex County Superior Court in 2006 after Petitioner plead guilty. *Exhibit 1* Under the LMRDA an elected steward is considered to be an "officer" of a labor union.

## V.   The Underlying Conviction

14. On August 24, 2006, Petitioner was arrested and charged with conspiracy and trafficking of a controlled substance. The Petitioner was not a member of Teamsters Local 25 at this time.

15. On July 20, 2009, Petitioner entered a guilty plea to conspiracy and trafficking of a controlled substance.  He accepted responsibility for his actions.  He was sentenced to six to ten years imprisonment, with five of those years being mandatory and five years consisting of probation upon his release from prison. *Exhibit 2*

16. Petitioner was incarcerated on July 20, 2009. *Exhibit 2*

17. On August 2, 2012, Massachusetts state laws changed, decreasing the required mandatory minimum years served and allowing earlier release of individuals convicted of trafficking a controlled substance, subject to particular criteria.  *Exhibit 6*

18. In 2013, Petitioner applied for early release from prison.  The Commonwealth of Massachusetts Parole Board ("Parole Board") reviewed the Petitioner's parole application and reentry plan and

granted his release on the basis that he was a low risk and successful candidate for reentry into society. *Exhibit 4*

19. Specifically, the Parole Board cited Petitioner's employability, community and family ties, and his institutional record as reasons for granting his early release. *Exhibit 4*

20. Petitioner was released from incarceration on April 6, 2013. *Exhibit 2*

21. Upon his release Petitioner began rebuilding his relationship and life with family, found work, and continued his education on issues of substance abuse. Further, Petitioner complied with the terms of his parole including substance abuse testing, maintaining steady employment, an imposed curfew, and weekly parole and probation appointments. *Exhibit 4*

## VI.   **Petitioner's Rehabilitation**

22. Petitioner began his rehabilitation while still incarcerated. He actively participated in Narcotics and Alcoholics Anonymous meetings, completed the Correctional Recovery Academy (CRA) drug program, tutored other inmates in pursuit of their graduate equivalency degree (GED), completed a non-violent alternatives to violence workshop, and reaffirmed his faith by being confirmed in the Catholic Church. *Exhibit 3*

23. Upon his release from incarceration in 2013, Petitioner reactivated his membership with Teamsters Local 25 and immediately secured two jobs. First, with production companies affiliated with the film and theatrical division of Teamsters Local 25 and, second, as an "on-call employee" with a moving company (ABC Movers) which is signatory with Teamsters Local 25.

24. In June 2014, Petitioner obtained a third job, with Global Companies as a marine terminal operator. *Exhibit 4*

25. Petitioner retains all three positions to the present day.

26. As part of his employment at Global Companies, Petitioner had to secure a Transportation Worker Identification Credential ("TWIC"), issued by the Transportation Security Administration ("TSA").  To obtain this card, Petitioner submitted the appropriate application to the federal government and was subsequently approved.  In his capacity as a marine terminal operator, Petitioner regularly interacts with the United States Coast Guard and United States Customs Agents. *Exhibit 4*

27. Since reentering the workforce, Petitioner became interested and involved in Teamster Local 25 activities. Petitioner has regularly attended union meetings at which he educates himself about the history of the labor movement and its importance, as well as the current affairs of Teamsters Local 25.

28. Further, Petitioner has completed separate training programs to expand his work knowledge and become a more valuable employee.  For example, Petitioner currently holds a 1.B Telescopic Boom with Cables Hoisting License as well as a 2.A Excavator Operator License. Petitioner hopes to further his work education and employee value by obtaining his 3.A Air Powered and Electrical Powered Equipment License.  *Exhibit 4*

29. Outside of work, Petitioner is involved in multiple community outreach activities.

30. Petitioner participates in the successful Teamsters Local 25 Toys for Tots drive at Christmas. Petitioner helps collect and sort boxes of toys from over 235 collective bargaining units and various civil and community organizations such as the Elks, Italian-American Club, and Veterans of Foreign Wars Association.  Each year, the Toys for Tots drive raises over $100,000 worth of toys for needy children. *Exhibit 4*

31. Each year, Petitioner helps set up and participates in the Teamsters Local 25 scholarship fundraiser. The fundraiser raises scholarship money for children, issuing more than thirty, $2,000 scholarships for high school seniors planning to attend college. *Exhibit 4*

32. Petitioner is also involved in Teamster Local 25's fundraising to aid individuals and their families who are afflicted with autism. Petitioner participated in the "Light Up the Night" gala by soliciting donations, selling tickets, and other fundraising efforts. Each year of his involvement, Petitioner spends approximately 5 hours per weeks at these fundraising efforts. *Exhibit 4*

33. Further, Petitioner donates blood to the American Red Cross at least three times per year and assists with the Teamsters Disaster Relief efforts whenever such aid is required.

34. During his incarceration and continuing to date, Petitioner has demonstrated a commitment to community service and charitable activities.

35. Petitioner and his wife have four children. Three of the Petitioner's children reside with him and his wife in Melrose, MA. Petitioner's two daughters are in pursuit of higher educational degrees. One is a PHD candidate at William James College (formerly Massachusetts School of Professional Psychology) and the other is pursuing a Bachelor's Degree at the Fashion Institute of Technology in New York City. Petitioner's oldest son is currently employed with companies in the film and theatrical division of Teamsters Local 25. His youngest son presently attends school at Northeast Metropolitan Vocational School in Wakefield, MA, is employed by ABC Movers, and is also an active member of Teamsters Local 25.

36. In sum, since 2013, Petitioner has pursued a clear and uninterrupted path demonstrating rehabilitation within the meaning of the LMRDA.

## VII.   <u>Argument</u>

37. Petitioner files this Petition pursuant to the provisions of the LMRDA that provide for relief

from disqualification in appropriate cases.

38. Section 504(a) of the LMRDA, titled "Prohibition Against Certain Person Holding Office,"

provides in relevant part:

> No person...who has been convicted of, or served any part of a prison term resulting
> from his conviction of...violation of narcotics laws...shall serve or be permitted to serve-
> ...as an...employee, or representative in any capacity of any labor organization...during
> or for the period of thirteen years after such conviction or after the end of such
> imprisonment, whichever is later, unless...if the offense is a State or local offense, the
> United States district court for the district in which the offense was committed, pursuant
> to sentencing guidelines and policy statements under 994(a) of title 28, United States
> Code, determines that such person's service in any capacity referred to in clauses (1)
> through (5) would not be contrary to the purposes of this Act. Prior to making any such
> determination the court shall hold a hearing and shall give notice of such proceeding by
> certified mail to the Secretary of Labor and to State, county, and Federal prosecuting
> officials in the jurisdiction or jurisdictions in which such person was convicted. *29
> U.S.C. §504(a)*

39. The applicable policy statement referenced in the Federal Sentencing Guidelines, 18 U.S.S.G.

§5J1.1, titled "Relief From Disability Pertaining to Convicted Persons Prohibited From Holding

Certain Positions (Policy Statement)," provides in relevant part:

> If the petitioner was convicted of a disqualifying federal offense, the petition is directed
> to the sentencing judge.  If the petitioner was convicted of a disqualifying state or local
> offense, the petition is directed to the United States District Court for the district in which
> the offense was committed.  In such cases, relief shall not be given to aid rehabilitation,
> but may be granted only following a clear demonstration by the convicted person that he
> or she has been rehabilitated since commission of the disqualifying crime and can
> therefore be trusted not to endanger the organization in the position for which he or she
> seeks relief from disability. *18 U.S.S.G. §5J1.1*

40. This Court may relieve Petitioner from the 13-year bar if he can demonstrate his service as an

elected union steward would not be contrary to the purposes of the LMRDA.  In accordance

with the applicable sentencing guideline, Petitioner must make "a clear demonstration...that he

or she has been rehabilitated since commission of the disqualifying crime and can therefore be

trusted not to endanger the organization in the position for which he or she seeks relief from disability." *18 U.S.S.G. §5J1.1*

41. Petitioner is appropriate for the relief envisioned by Congress when it enacted the LMRDA. Petitioner's criminal conduct occurred over a decade ago and was unrelated to union activities. The motivating factors for the trafficking at issue no longer exist. Petitioner's conduct since 2009, both while incarcerated and upon release, further demonstrates his rehabilitation.

42. The circumstance contemplated in the legislative history to the 1984 amendments for a reduction of the disqualification period is precisely the one presented by the Petitioner.

> "[t]he rare occasions where a [thirteen] year ban might be considered too harsh. For example, at the time of his conviction of a disqualifying crime, an individual might not be a union member or might not have given any thought to the ramifications of his act with regard to holding office in a union or with a benefit plan."

> Remarks of Senator Orrin Hatch at 128 Cong. Rec. 32446 (1982).

43. The Petitioner's disqualifying crime occurred at a time when he was not a member of Teamsters Local 25.

44. The position of an elected union steward does not require any discretionary or authoritative decision-making. In the hierarchy of union officials, it can be reasonably argued that a steward occupies the lowest rank.

45. Over the past eleven years, Petitioner has proven that he has been rehabilitated and that his service as an elected union steward representing the members of Teamsters Local 25 employed at Global Companies would not be contrary to the purposes of the LMRDA.

## VIII.   **Request for Relief**

WHEREFORE, Petitioner requests that this Court grant the following relief:

1. Determine that Petitioner's service as a union steward would not be contrary to the purposes of the LMRDA; and

2. Order that Petitioner's disqualification pursuant to the LMRDA is modified to permit Petitioner to serve as an elected union steward for Teamsters Local 25.

Respectfully submitted,
For the Plaintiff,
By his attorney,

Michael Feinberg, BBO# 161400
Feinberg, Campbell & Zack, P.C.
177 Milk Street, 3rd Floor
Boston, MA  02109
Phone: 617-338-1976
Fax: 617-338-7070
maf@fczlaw.com

Dated: November 19, 2020